IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LINDA J. HART, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-3796-N-BN |
| | § | |
| WELLS FARGO & CO., ET AL, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States Magistrate Judge

for pretrial management pursuant to 28 U.S.C. § 636(b). The undersigned now issues

the following findings of fact, conclusions of law, and recommendation.

**Background**

Plaintiff Linda J. Hart, proceeding *pro se*, has filed a complaint against various

defendants. *See* Dkt. No. 3. According to Plaintiff, the Forth Worth Division of this

Court "gave her leave to represent this lawsuit[,] and in [her] estimation[, she] can

now bring it here." *Id.* at 4 (explaining that, because she "can't rewrite" the Fort

Worth complaint, she "will have to submit copies"). Indeed, pages 9, 20, 29, and 35 of

Plaintiff's 43-page complaint clearly exhibit a file stamp from this Court's Forth Worth

Division, and pages 20-34 of that complaint contain the case number 4:14-cv-660-Y in

the header.

In that case, *Hart v. Nordstrom, et al.*, No. 4:14-cv-660-Y (N.D. Tex. Sept. 16,

2014), the Court dismissed Plaintiff's *pro se* action without prejudice, after concluding that she "lacked capacity to file suit given that she was (and still is) subject to a guardianship." No. 4:14-cv-660-Y, Dkt. No. 32 at 2. Before doing so, the Court took judicial notice that, on June 9, 2014, Probate Court Number One for Tarrant County, Texas entered an order establishing a temporary guardianship over Plaintiff. *See* No. 4:14-cv-660-Y, Dkt. Nos. 31-33 (documenting the probate court's (1) finding that Plaintiff is an incapacitated person and (2) appointment of Greg Shannon as her temporary guardian, with the express power to "represent [Plaintiff] in any legal action, subject to Court approval").

Although the guardianship is termed temporary, this Court has at least twice noted that it remains in effect. In Case No. 4:14-cv-660-Y, on October 2, 2014, United States District Judge Terry Means denied Plaintiff's motion for reconsideration of the order dismissing her action, after noting that Plaintiff failed to provide the Court competent proof that the guardianship has been dissolved. *See* No. 4:14-cv-660-Y, Dkt. No. 36. And, more recently, in *Hart v. EPA, et al.*, No. 3:14-cv-3707-P-BH, the complaint filed by Plaintiff provided that the temporary guardianship had been terminated because it was void, but United States Magistrate Judge Irma Ramirez, like Judge Means, found that Plaintiff failed to offer competent proof that the guardianship had been dissolved. *See* No. 3:14-cv-3707-P-BH, Dkt. No. 11 at 2,

Findings, Conclusions, and Recommendation (entered Oct. 20, 2014), at 2, *rec. adopted*, Dkt. No. 17 (N.D. Tex. Oct. 27, 2014).

## Legal Standards and Analysis

Some courts have found that, although "it is the federal district court's obligation to issue an appropriate order 'to protect a minor or incompetent person who is unrepresented in an action[,]' ... a district court need not inquire *sua sponte* into a *pro se* plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity." *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012) (quoting FED. R. CIV. P. 17(c)(2); citing and adopting, under the circumstances in that case, *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003)).

Here, however, Plaintiff's competency to sue has already been addressed by this Court. And it has been established that, because a guardianship exists over her, and because Plaintiff has failed – so far – to provide the Court competent proof that the guardianship no longer exists, she lacks the capacity to file suit under Federal Rule of Civil Procedure 17(b). *Compare Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir. 1990) ("[I]n the context of someone seeking to pursue litigation in federal court on his own behalf, we interpret the term 'incompetent person' in Rule 17(c) to refer to a person without the capacity to litigate under the law of his state of domicile and, hence, under Rule 17(b)."), *with Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir.

2006) ("In Texas, the standard is whether individuals, "by reason of mental or bodily infirmity, [are] incapable of properly caring for their own interests in the litigation." (quoting *Lindly v. Lindly*, 102 Tex. 135, 141, 113 S.W. 750 (1908)), *and Howell v. Thompson*, No. 11-09-00340-CV, 2011 WL 664763, at *2 (Tex. App. – Eastland Feb. 24, 2011, no writ) ("[A]s a general rule, when a person has been declared to be incapacitated and a guardian has been appointed, only the guardian of the ward's estate may bring a lawsuit on behalf of the ward." (citations omitted)).

Like Case No. 4:14-cv-660-Y and Case No. 3:14-cv-3707-P-BH, this action also should be dismissed because, under the order of the probate court establishing Plaintiff's temporary guardianship, only the appointed guardian may represent Plaintiff "in any legal action, subject to Court approval." Dkt. 4:14-cv-660-Y, No. 31 at 3. Thus, Plaintiff lacks the capacity to initiate this lawsuit.

This action is also due to be dismissed for a separate reason. Plaintiff admits that, in filing this lawsuit, she is merely refiling the action that Judge Means previously dismissed. *See* Dkt. No. 3 at 4. "Courts may appropriately dismiss an *in forma pauperis* action as frivolous, when the action 'seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff.' Such dismissal is predicated on principles of *res judicata*." *Silva v. Stickney*, No. 3:03-CV-2279-D, 2005 WL 2445433, at *4 (N.D. Tex. Sept. 30, 2005) (quoting *Wilson v. Lynaugh*, 878 F.2d

846, 850 (5th Cir. 1989) and citing *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993))). The earlier case need not be dismissed on the merits to justify dismissal of the subsequent action as duplicative. *See, e.g., Brown v. Thomas*, No. 3:02-cv-673-M, 2002 WL 31757616, at *3-*4 (N.D. Tex. Dec. 3, 2002).

## Recommendation

Plaintiff's complaint [Dkt. No. 3] should be dismissed without prejudice to re-filing either by the appointed guardian with proper approval from the probate court or by Plaintiff with competent proof of dissolution of the guardianship.

Plaintiff's motion for leave to proceed *in forma pauperis* [Dkt. No. 5] and motion for miscellaneous relief [Dkt. No. 6] should be denied as moot.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and

legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED: October 29, 2014

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE